IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JEANETTE GOODMAN** | § | |
| **INDIVIDUALLY AND AS** | § | |
| **ADMINISTRATRIX OF THE** | § | |
| **ESTATE OF MICHAEL W.** | § | |
| **GOODMAN, DECEASED** | § | |
| *Plaintiff,* | § | |
| | § | |
| **versus** | § | **CIVIL ACTION NO. H-03-4198** |
| | § | |
| **DEPUTY CONSTABLE TERRY** | § | |
| **ASHABRANNER** | § | |
| *Defendant.* | § | |

## COURT'S INSTRUCTIONS TO THE JURY

**Members of the Jury**:

You have heard the evidence in this case. I will now instruct you on the law that you must apply.

It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the

evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law or for my rulings and instructions to you regarding the evidence, you should disregard anything I may have said during the trial in arriving at your verdict.

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given. You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter of evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to the other side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

In determining the weight to give to the testimony of a witness, you should ask yourself

whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect

or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

## SPECIFIC INSTRUCTIONS

The Plaintiff claims that Defendant, Deputy Constable Terry Ashabranner, while acting under color of authority of the State as a Harris County Deputy Constable, intentionally violated Michael Wayne Goodman's rights under the Fourth Amendment of the Constitution of the United States. Specifically, the Plaintiff claims that Defendant violated the constitutional right to be free from unlawful seizure and the use of excessive force. Deputy Ashabranner denies that the force he used against Michael Goodman was excessive to the need or objectively unreasonable.

Under the Constitution of the United States, a citizen has the right not to be subjected to unreasonable force by a law enforcement officer.

A person may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violates his rights under the Constitution of the United States.

The Plaintiff must prove each of the following by a preponderance of the evidence:

1.      That the Defendant intentionally committed acts that violated Michael Goodman's Federal constitutional rights that I have described to you;

2.      That in so doing the Defendant acted "under color" of the authority of Harris County, Texas; and

3.      That the Defendant's acts were the legal cause of the Plaintiff's damages.

In this case, the parties have stipulated that the Defendant acted "under color" of state law and you must accept that fact as proven.

Plaintiff's claim is that the Defendant, Deputy Ashabranner, subjected Michael Goodman to unlawful seizure and excessive force. Every person has the constitutional right not to be subjected to unlawful seizure and unreasonable or excessive force by a law enforcement officer. However, an

-5-

officer has the right to use such force as is necessary under the circumstances. You must determine whether the force used against Michael Goodman was unnecessary, unreasonable, or excessively violent. The force is unnecessary, unreasonable, or excessively violent if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances.

The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the Defendant was a cause-in-fact of the damage Plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by Defendant was a proximate cause of the damage Plaintiff suffered. An act or omission is a proximate cause of the Plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

If you find that the Plaintiff has proven her claim, you must then consider the Defendant's defense that his conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that the Defendant is therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens, including the constitutional right to be free from the use of excessive force.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the stop, you find from a preponderance of the evidence that Plaintiff has proved either (1) that the Defendant was plainly

incompetent or that (2) he knowingly violated the law regarding Michael Goodman's constitutional rights, you must find for the Plaintiff. If, however, you find that the Defendant had a reasonable belief that his actions did not violate Michael Goodman's constitutional rights, then you cannot find Defendant liable even if Michael Goodman's rights were in fact violated as a result of the Defendant's objectively reasonable action.

## DAMAGES

If you find that the Defendant is liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole -- that is, to compensate the Plaintiff for the damages that the Plaintiff has suffered. Compensatory damages are not limited to expenses that the Estate of Michael Goodman may have incurred because of Michael Goodman's injury.

You may award compensatory damages for the loss of companionship and society and the mental anguish Jeanette Goodman has experienced in the past and will experience in the future as a result of the death of her son, Michael Goodman. "Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Jeanette Goodman, in reasonable probability, would have received from Michael Goodman had he lived. "Mental anguish" means the emotional pain, torment, and suffering experienced by Jeanette Goodman because of the death of Michael Goodman.

Jeanette Goodman, on behalf of the estate of Michael Goodman, is also entitled to recover damages for any pain and suffering Michael Goodman experienced prior to his death.

You may award compensatory damages only for injuries that the Plaintiff proves were

proximately caused by the Defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  You may not award damages based on sympathy, speculation, or guess work.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of evidence:

You may award damages for any bodily injury that the Deceased sustained and any pain and suffering, mental anguish, and loss of capacity for enjoyment of life that Michael Goodman experienced prior to his death as a result of the bodily injury.  No evidence of the value of tangible things, such as mental or physical pain and suffering, has been or need be introduced.  You are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the damages suffered by the Deceased.  There is no exact standard for fixing the compensation to be awarded for

these elements of damage. Any award that you make should be fair in light of the evidence.

You may award damages for funeral expenses resulting from the Decedent's, Michael Goodman's, death that were paid by or on behalf of the Decedent.

If you find that the Defendant is liable for the Plaintiff's injuries, you must award the Plaintiff the compensatory damages that she has proven. You also may award punitive damages, if the Plaintiff has proved that the Defendant acted with malice or willfulness or with callous and reckless indifference to the rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his position.

If you determine that the Defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a Defendant for shocking conduct, and to deter the Defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages; however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a Plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the Defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider the financial resources of the Defendant in fixing the amount of punitive damages.

You should not interpret the fact that I have given you instructions about the Plaintiff's

damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

A.     *Damages Accrued*

If you find for the Plaintiff, she is entitled to recover an amount that will fairly compensate her for any damages she has suffered to date.

B.     *Calculation of Future Damages*

If you find that the Plaintiff will suffer damages in the future from Michael Goodman's death, then you should award her the amount you believe would fairly compensate her for such future damages.

C.     *Reduction of Future Damages to Present Value*

An award of future damages necessarily requires that payment be made now for a loss that Plaintiff will not actually suffer until some future date. If you should find that the Plaintiff is entitled to future damages, then you must determine the present worth in dollars of such future damages.

If you make an award for future losses, you must reduce it to present value by considering the interest that Jeanette Goodman could earn on the amount of the award if she made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss is more valuable to the Plaintiff if she receives it today than if she receives it in the future. It is more valuable because the Plaintiff can earn interest on the benefit for the period of time between the date of the award and the date she would have received the benefit from Michael Goodman. Thus you should adjust the amount of any award for future loss by the

amount of interest that the Plaintiff can earn on that amount in the future.

## **THE VERDICT**

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are the judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

When you retire to the jury room you may take this charge with you as well as exhibits which the Court has admitted into evidence. You should first select one of your number to act as your Foreperson who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

You will be asked to return your verdict in this case in the form of answers to a series of questions. Notice that the questions are numbered, and certain questions on the verdict form need be answered only if you give a particular answer to some earlier question. For example, if you answer the first question "No" as to the Defendant, you need not answer the next few questions, but if you answer "Yes" as to the Defendant, you then must consider and answer the next question.

In answering the questions on the verdict form, you are again instructed that you are to make your findings in accordance with the preponderance of evidence in this case, and the law as given

to you in these instructions.  Of course, you are to consider all of my instructions as a whole and not single out any particular instruction.

After you have reached your unanimous verdict, your Foreperson is to fill in the verdict form with your answers to the questions concerning the fact issues in this case, date the form, sign it, and then return to the courtroom.

If you recess during your deliberations, follow all of the instructions that the Court has given you regarding your conduct during the trial.

If, during your deliberations, you should want to communicate with me at any time, please give a written message or question to the marshal, who will bring it to me.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

After the verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  The lawyers may wish to talk to you after the case is over.  You are free to do so or not, as you wish.

SIGNED this 28th day of September, 2007.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE